UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL CHRISTIANSON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CARLENE STRINGER, Librarian, et al., )<br>)<br>Defendants. ) | 1:09-cv-1132-LJM-JMS |

**Entry Discussing Motion to Alter or Amend Judgment**

**I.**

This civil rights action brought by a state prisoner, Michael Christianson, was dismissed pursuant to 28 U.S.C. § 1915A(b) in the Judgment entered on the clerk's docket on November 6, 2009. This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint is frivolous or fails to state a claim upon which relief can be granted. *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

Dissatisfied with this outcome, Christianson filed a motion to alter or amend judgment (dkt 9). Given the timing of that motion relative to the entry of final judgment, and given the argument set forth in such motion, the motion is treated as labeled–as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006)(explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits). Christianson now seeks relief from the disposition of the action in order to proceed with his proposed amended complaint. He cannot proceed with the latter step, of course, without having first taken the former. *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated."); *First Nat'l Bank v. Continental Ill. Nat'l Bank & Trust Co.,* 933 F.2d 466, 468 (7th Cir. 1991) ("Since First National wanted the judgment altered [to amend complaint], it had to persuade the judge to reopen the case--had therefore to file a postjudgment motion under Fed.R.Civ.P. 59(e) or 60(b).").

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989) The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). A review of Christianson's complaint and the court's discussion of the matter shows:

- Christianson's complaint was brought pursuant to 42 U.S.C. § 1983. A viable claim pursuant to this statute requires the asserted violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).
- To survive the screening standard of § 1915A(b) requires that a complaint set forth "enough facts to state a claim to relief that is that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).
- Christianson alleged that while incarcerated at the Plainfield Correctional Facility ("PCF") his First Amendment rights were violated by the prison's Librarian and Education Director. Specifically, Christianson alleged that he was barred from requesting fiction books through the PCF's inter-library loan program known as "INCSOLSA" on January 14, 2009, and February 20, 2009. Although the barrier was removed through the grievance process, Christianson filed this lawsuit seeking punitive, compensatory, and nominal damages.
- The court concluded that Christianson's complaint failed to support a claim upon which relief could be granted. Accordingly, the dismissal of the action was mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Christianson does not directly challenge the correctness of the disposition, but suggests that he may have been able to seek punitive damages or nominal damages. The Seventh Circuit has held that in the context of First Amendment claims, "prisoners need not allege a physical injury to recover damages because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury." *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). The complaint he presented, however, failed to allege a constitutional deprivation, and thus what damages he might try to collect are beside the point. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983. Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). Examining the particular setting Christianson's allegations

invoked, inmates have no constitutional right to a reading library. *Cline v. Fox*, 319 F.Supp. 2d 685, 690 (N.D.W.Va. 2004) (citing *Counts v. Newhart*, 951 F.Supp. 579, 587 (E.D.Va. 1996) ("The Constitution contains no right of access to a general-literary library . . . ."); *May v. Baldwin*, 895 F.Supp. 1398, 1405 (D.Or. 1995) (finding no constitutional right to general prison library privileges)). Beyond this, the fact that Christianson's attempt to read a fictional literary work was delayed while his grievance was processed is simply insufficient to established an actionable infringement of any federally secured right. *See Brandt v. Bd. of Educ. of City of Chi.,* 480 F.3d 460, 465 (7th Cir. 2007) ("*[D]e minimis non curat lex* (the law doesn't concern itself with trifles) is a doctrine applicable to constitutional as to other cases").[1]

There was in this case no manifest error of law or fact, and the plaintiff does not submit newly-discovered evidence or suggest that there has been a change in the law. The court did not misapprehend the plaintiff's claim, nor did it misapply the law to that claim in light of the applicable law. Accordingly, the post-judgment motion to alter or amend judgment (dkt 9) is **denied**.

**II.**

The discussion and ruling in Part I of this Entry permit quick resolution of two other post-judgment matters Christianson has presented. On February 17, 2010, the clerk received a letter from Christianson inquiring about the reason for delay in serving process on the defendants. No service of process was warranted as this case was dismissed at the screening stage. The absence of service of process was not a question of delay, but a matter of what steps were and were not warranted. On February 25, 2010, Christianson filed a motion for clarification, referring to the Entry of January 11, 2010, acknowledging that a motion to alter or amend judgment had been filed. Christianson recognized that the Entry of January 11, 2010, did not order process issued or served on the defendants. The reason for that is quite evident, and no clarification is required. The motion for clarification (dkt 17) is **denied** .

**IT IS SO ORDERED.**

Date:  03/05/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

---

[1] This principle frequently has been followed by the Supreme Court. *E.g., Wis. Dep't of Revenue v. William Wrigley, Jr., Co.,* 505 U.S. 214, 231 (1992) (stating that "the venerable maxim *de minimis non curat lex* ('the law cares not for trifles') is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept," collecting cases); *Republic of Arg. v. Weltover, Inc.,* 504 U.S. 607, 618 (1992).

Distribution:

Michael Christianson
DOC #135489
Miami Correctional Facility
3038 W. 850 South
Bunker Hill, IN 46914